UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HAYDEN GUY,

                  Plaintiff,

       -against-

MTA NEW YORK CITY TRANSIT,

                  Defendant.
------------------------------------------------------------------x

**ORDER**

15-cv-2017 (LDH)(LB)

LaSHANN DeARCY HALL, United States District Judge:

      Pro se Plaintiff Hayden Guy (hereinafter "Plaintiff" or "Guy") brings this action against Defendant, MTA New York City Transit (hereinafter "Defendant" or "MTA") alleging claims of discrimination, retaliation, and hostile work environment on the basis of race and religion under Title VII and 42 U.S.C. §§ 1981 and 1983. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Third Amended Complaint, except that Defendant does not seek dismissal of Plaintiff's retaliation claim based on the denial of a promotion.

## BACKGROUND

      The Court assumes the parties' familiarity with the facts alleged in this matter. By Memorandum and Order dated September 23, 2016, this Court granted, in part, and denied, in part, Defendant's motion to dismiss the First Amended Complaint. (Sept. 23, 2016 Mem. and Order 17, ECF No. 32.) The Court dismissed with prejudice (1) any claims based on Plaintiff's alleged demotion, as those claims were untimely, and (2) Plaintiff's Title VII race discrimination claim, because Plaintiff failed to exhaust his administrative remedies. (*Id.*) The Court denied Defendant's motion as to Plaintiff's retaliation claim based on the denial of a promotion. (*Id.*) The Court granted Plaintiff thirty days to amend his (1) race discrimination claims under 42

1

U.S.C. §§ 1981 and 1983 and his religious discrimination claims under Title VII and § 1983 based on the denial of a promotion, and (2) his hostile work environment claim. (*Id.*)

Plaintiff filed his Second Amended Complaint on October 21, 2016. (Second Am. Compl., ECF No. 35.) On November 10, 2017, Defendant filed a letter motion seeking a pre-motion conference in connection with its intended motion to dismiss the Second Amended Complaint. (Def.'s Pre-Mot. Letter, ECF No. 38.) On December 28, 2016, Plaintiff filed a proposed Third Amended Complaint. (Proposed Am. Compl., ECF No. 48.) The Court held a pre-motion conference on January 4, 2017, at which time the Court granted Plaintiff's request for leave to file the Third Amended Complaint. (Jan. 4, 2017 Minute Entry and Order.)

## DISCUSSION

Although Plaintiff alleges a number of new facts concerning his interactions with MTA personnel during the relevant time period, none of these facts cure the deficiencies of the First Amended Complaint. Notably absent are any allegations that would give rise to an inference of discrimination, such as the treatment of black and/or Jewish employees of the MTA. Indeed, Plaintiff appears to have abandoned a number of his previous allegations that would be even remotely relevant to pleading discriminatory animus on the basis of race and/or religion. As such, Plaintiff's renewed pleading fails to withstand Defendant's partial motion to dismiss the Third Amended Complaint. *See Jeon v. Pavilion at Queens for Rehabilitation & Nursing*, No. 15-cv-5114, 2017 WL 1151098, at *2 (E.D.N.Y. Mar. 24, 2017) (dismissing complaint because, among other things, the pro se plaintiff failed to plead facts giving plausible support to the conclusion that demotion occurred under circumstances giving rise to an inference of discrimination).

In its September 23, 2016 Memorandum and Order, the Court found that Plaintiff had sufficiently pleaded a claim for retaliation. (Sept. 23, 2016 Mem. and Order 15.) It appears that, in an effort to cure the deficiencies relating to his discrimination claims, Plaintiff now omits the facts pleaded in the First Amended Complaint that the Court previously found sufficient to state a claim of retaliation. Defendant does not move to dismiss Plaintiff's retaliation claim in the instant partial motion to dismiss. It is true that an amended complaint ordinarily replaces the original complaint. *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). Given Plaintiff's pro se status, however, the Court will consider both the Third Amended Complaint and First Amended Complaint together. Plaintiff's retaliation claim based on the denial of a promotion will proceed. *See Burton v. City of New York Police Dep't*, No. 14-cv-7158, 2014 WL 7427534, at *1 n.1 (E.D.N.Y. Dec. 30, 2014) (considering both original and amended complaints in light of plaintiff's pro se status).

## CONCLUSION

Defendant's partial motion to dismiss the Third Amended Complaint is granted. Having failed to cure the deficiencies of the First Amended Complaint, Plaintiff's race and religious discrimination claims and hostile work environment claim are dismissed with prejudice. Plaintiff's retaliation claim based on his denied promotion will proceed.

SO ORDERED:

Dated: Brooklyn, New York
     October 12, 2017

/s/LDH
LaSHANN DeARCY HALL
United States District Judge
Eastern District of New York